UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HANNAH P SCHMIDT,

    Plaintiff,

v.                                                                 Case No. 25-CV-783

WINNEBAGO COUNTY
SHERIFF'S DEPARTMENT, et al.,

    Defendants.

## DECISION AND ORDER

Hannah P Schmidt, appearing pro se, seeks compensatory and punitive damages from an alleged false arrest that occurred in 2022. (ECF No. 3.) Two of the named defendants, Amelia James (aka Amy Barker) and Adam James (aka Adam Heindel), appear to be private citizens. Schmidt alleges that James and James falsely reported Schmidt for violating a restraining order when Schmidt left a negative review on their business website. (ECF No. 3 at 4.) Schmidt alleges that she was arrested by the Winnebago County Sheriff's Department as a result of James and James' tip. (ECF No. 3 at 4.)

As of January 7, 2026, James and James have failed to answer or otherwise respond to Schmidt's complaint. All other defendants filed their answer on July 3, 2025. (ECF No. 7.) Schmidt now moves for default judgment against James and James, seeking an award in the amount of $20,000. (ECF No. 22.)

Upon entry of default, the court accepts the well-pleaded allegations set forth in the complaint as true. *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016), citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, Inc., 722 F.2d 1319, 1323 (7th Cir.1983). But the court must still evaluate "whether those well-pleaded allegations state a prima facie case as to liability." *Poff v. Weadge*, No. 23-CV-43-WMC, 2025 WL 3470727, at *3 (W.D. Wis. Dec. 3, 2025), citing *Heartland Footwear Sales Inc. v. 8215774 Canada, Inc.*, No. 3:19 CV 1142, 2021 WL 1732078, at *2 (N.D. Ind. May 3, 2021) ("[A]n entry of default judgment is only appropriate if the allegations, along with other evidence submitted, establish a cognizable claim for relief."); *see also Ford Motor Credit Co. LLC v. Fincannon Ford, Inc.*, No. 1:19-CV-502-HAB, 2020 WL 6336209, at *1, citing *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265 (7th Cir. 1995) ("Default judgment, however, is not automatic. Plaintiffs seeking default judgment must demonstrate that they are entitled to judgment as a matter of law."). Schmidt's allegations against James and James fail to do so.

Schmidt's amended complaint does not establish James and James' liability as a matter of law. Schmidt is unambiguous in alleging a constitutional claim against James and James: "Defendants JAMES (aka Barker) and JAMES (aka Heindel) knew they were violating SCHMIDT's constitutional right against unreasonable search and seizure when they filed the police report" (ECF No. 3 at 6.) But James and James cannot be held accountable for a constitutional violation; the Fourth Amendment prohibits only the government—not private citizens—from conducting unreasonable

2

searches or seizures. *Christensen v. County of Boone*, 483 F.3d 454, 459 (7th Cir. 2007).

Private individuals "may be liable for false arrest only upon a showing that they commanded or mounted a campaign… to procure the plaintiff's arrest." *Gaddis v. DeMattei*, 30 F.4th 625, 633 (7th Cir. 2022). Merely providing information to the police—no matter its accuracy—does not rise to the level of participating or procuring an arrest. *Gaddis*, 30 F.4th at 633; *Butler v. Goldblatt Bros.*, 589 F.2d 323, 326 (7th Cir. 1978) ("[A] private party who furnishes inaccurate information to law enforcement officers could not be held liable for false arrest on that ground alone"); *see also Mirbeau of Geneva Lake, LLC v. City of Lake Geneva*, 746 F. Supp. 2d 1000, 1008 (E.D. Wis. 2010), citing *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989) (explaining that private actors do not conspire with the state merely by calling the police, even if they may not have the grounds to do so).

Schmidt alleges that James and James made an "erroneous report" to the police that resulted in her arrest and detention. (ECF No. 3 at 5.) Her allegations go no further—she does not allege a conspiracy between the private citizens and the police, nor any other facts that could render James and James liable. Calling the police to report harassment is not a constitutional violation, even if it leads to the police making a mistaken arrest. *See Poole v. Walmart, Inc.*, No. 25 CV 603, 2025 WL 1399142, at *4 (N.D. Ill. May 14, 2025) ("At best, Poole claims that a Walmart store manager provided inaccurate or even false information to the police…. But this is not

3
Case 1:25-cv-00783-BBC    Filed 01/08/26    Page 3 of 4    Document 24

enough to adequately allege personal participation in an arrest for a false arrest claim.").

Schmidt has failed to state a cognizable claim against James and James. Default judgment cannot be entered because she does not allege a legal basis for relief. Further, Schmidt has not stated a claim against James and James that would otherwise invoke the jurisdiction of this court. *See Owens v. Quality Inn*, No. 22-CV-29-WMC, 2023 WL 4762698 (W.D. Wis. July 26, 2023) (denying motion for default judgment as moot and dismissing claims for lack of subject matter jurisdiction). Accordingly,

**IT IS THEREFORE ORDERED** that Hannah Schmidt's motion for default judgment against Amelia James (aka Amy Barker) and Adam James (aka Adam Heindel) (ECF No. 22) is **DENIED**. The clerk is directed to **VACATE** the entry of default and **DISMISS WITHOUT PREJUDICE** Amelia James (aka Amy Barker) and Adam James (aka Adam Heindel) as defendants.

Dated at Green Bay, Wisconsin this 8th day of January, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
